Filing # 74121177 E-Filed 06/26/2018 02:44:30 PM

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| RACHEL SADDOUKI, individually, and MHAMMED SADDOUKI, her husband, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE NO.: |
| v. |  |
| TARGET CORPORATION and IMPERIAL ROOF SYSTEMS CO., |  |
| _____Defendants._____ / |  |

## COMPLAINT FOR DAMAGES

Plaintiffs, RACHEL SADDOUKI, individually, and MHAMMED SADDOUKI, her husband, by and through their undersigned attorney, and sue Defendants, TARGET CORPORATION (hereinafter "TARGET") and IMPERIAL ROOF SYSTEMS CO. (hereinafter "IMPERIAL ROOF SYSTEMS") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), not inclusive of attorney's fees and costs.

2. Plaintiff, RACHEL SADDOUKI, at all times material and relevant hereto was a resident of Broward County, Florida, and is *sui juris*.

3. Plaintiff, MHAMMED SADDOUKI, was and is the lawful husband of the Plaintiff, RACHEL SADDOUKI, at all times material and relevant hereto was a resident of Broward County, Florida, and is *sui juris*.

4. Defendant, TARGET, is a foreign corporation that was licensed and doing business in Broward County, Florida.

5. Defendant, IMPERIAL ROOF SYSTEMS, is a foreign corporation that was licensed and doing business in Broward County, Florida.

6. On or about March 30, 2016, Plaintiff, RACHEL SADDOUKI, was lawfully on Defendant, TARGET's premises located at 5800 S. University Dr, Hollywood, Florida, as an invitee.

7. On or about March 30, 2016, Defendant, TARGET, by and through its agents, employees, and/or servants, had dominion, possession and control of the premises.

8. On or about March 30, 2016, Defendant's, TARGET, agents, employees, and/or servants acted within the course and scope of their employment.

9. On or before March 30, 2016, Defendant, IMPERIAL ROOF SYSTEMS, by and through its agents, employees, and/or servants, performed roof repairs and/or maintenance at the TARGET store located at 5800 S. University Dr., Hollywood, Florida.

## COUNT I – NEGLIGENCE AGAINST TARGET

Plaintiff, RACHEL SADDOUKI, reaffirms paragraphs 1 through 9 above as if fully set forth herein and further states:

10. On or about March 30, 2016, the Defendant, TARGET, by and through it's agents, employees, and/or servants, negligently and carelessly maintained the above mentioned premises where the accident ultimately occurred.

11. On or about March 30, 2016, and at all times material and relevant hereto, a leak from the ceiling, which resulted in water on the ground, constituted a defective, dangerous hazardous and unsafe condition at the Premises.

12. On or about March 30, 2016, the Defendant, by and through its agents and/or employees, did negligently own, operate, maintain, manage, inspect and/or control the Premises by allowing the aforementioned defective, dangerous, hazardous and/or unsafe condition to exist at and upon the Premises.

13. On or about March 30, 2016, and at all times material and relevant hereto, the Defendant, by and through its agents and/or employees, had a duty to maintain its aforementioned premises in a reasonably safe condition and to warn customers, patrons and/or invitees,

such as Plaintiff, RACHEL SADDOUKI, of known defective, dangerous, hazardous and/or unsafe conditions.

14. On or about March 30, 2016, and at all times material and relevant hereto, the Defendant, TARGET, by and through its agents and/or employees, breached its aforementioned duty.

15. That the defective, dangerous, hazardous and/or unsafe condition was known, or in the exercise of reasonable care, should have been known to the Defendant, by and through its agents and/or employees, prior to the occurrence of Plaintiff's accident.

16. That the defective, dangerous, hazardous and/or unsafe condition existed for a sufficient period of time such that the Defendant, TARGET, by and/or through its agents and/or employees, knew and/or in the exercise of reasonable care, should have known of the existence of the condition.

17. That at all times material and relevant hereto, the Defendant, TARGET, by and through its agents and/or employees, was negligent and careless in the ownership, operation, maintenance, management, construction and/or control of its premises in one or more of the following respects:

   (a) By failing to maintain the premises in a reasonably safe manner for its patrons, invitees and others properly and lawfully on the premises;

   (b) By failing to prevent the creation of a defective, dangerous, hazardous and/or unsafe condition on the premises;

   (c) By allowing the creation of a defective, dangerous, hazardous and/or unsafe conditions on the premises;

   (d) By failing to inspect the premises for the existence of defective, dangerous, hazardous and/or unsafe conditions;

   (e) By failing to inspect the premises for defects such as the one which caused the Plaintiff's injuries;

   (f) By allowing a defective, dangerous, hazardous and/or unsafe condition to remain on their premises for an unreasonable length of time where a reasonable person would have known that the condition existed;

   (g) By failing to properly cordon off and/or mark the area where the defective, dangerous, hazardous and/or unsafe condition existed;

(h) By failing to properly notify and/or otherwise warn persons using the Premises of the existence of a defective, dangerous, hazardous and/or unsafe condition;

(i) By failing to abate, rectify and/or repair the defective, dangerous, hazardous and/or unsafe condition in a timely manner;

(j) By failing to have others that may be responsible, either by law or delegation, for the upkeep and repair of the premises, to maintain the premises in a safe condition;

(k) By failing to adequately supervise its agents and/or employees, and thus allowing a defective, dangerous, hazardous and/or unsafe condition to exist;

(l) By failing to take other actions to prevent the defective, dangerous, hazardous and/or unsafe condition from existing;

18. On March 30, 2016, and at all times material and relevant hereto, Plaintiff, RACHEL SADDOUKI, was at and upon the aforementioned premises, as a lawful customer, patron and/or invitee of the Defendant.

19. That on or about the accident date herein, Plaintiff, while at and upon the Premises of the Defendant, TARGET, was injured due to the negligence of the Defendant, TARGET, by and through its agents and/or employees, which failed to properly maintain their premises in a reasonable, safe and non-negligent manner as described herein.

20. That as a direct and proximate result of the negligence of the Defendant, TARGET, by and/or through its agents and/or employees, as set forth above, Plaintiff suffered serious permanent and non-permanent injuries in and about her body and extremities. Moreover Plaintiff did in the past and will in the future, suffer: bodily injuries; disability, both temporary and permanent, within a reasonable degree of medical probability; disfigurement and scarring of a significant nature; mental anguish; loss of the capacity for the enjoyment of life; medical and hospital expenses; loss of earning capacity; loss of earnings; incurred medical expenses in the treatment of related injuries; loss of bodily function; and aggravation of pre-existing condition.

**WHEREFORE**, Plaintiff, RACHEL SADDOUKI, demands judgment against the Defendant, TARGET, plus costs, and such other and further relief as this Court deems proper, and further demands a trial by jury on all issues so triable as a matter of right.

## COUNT II – LOSS OF CONSORTIUM CLAIM AGAINST TARGET

Plaintiff, MHAMMED SADDOUKI, hereinafter reaffirms and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein and further states:

21. On or about March 30, 2016, Plaintiff, MHAMMED SADDOUKI, was the spouse of Plaintiff, RACHEL SADDOUKI, who was injured as a direct result of the negligence of Defendant, TARGET.

22. Plaintiff, MHAMMED SADDOUKI, as spouse of RACHEL SADDOUKI, has suffered the loss of his wife's services, companionship, comfort and society as a result of the incident complained of herein and he will continue to lose such services, companionship and consortium in the future.

**WHEREFORE**, Plaintiff, MHAMMED SADDOUKI, demands judgment damages against the Defendant, TARGET, plus costs, and such other and further relief as this Court deems proper, and further demands a trial by jury on all issues so triable as a matter of right.

## COUNT III
## NEGLIGENCE AGAINST DEFENDANT, IMPERIAL ROOF SYSTEMS

Plaintiff, RACHEL SADDOUKI, reaffirms paragraphs 1 through 9 above as if fully set forth herein and further states:

23. On or about March, 30, 2016, the Defendant, IMPERIAL ROOF SYSTEMS, by and through it's agents, employees, and/or servants, negligently and carelessly maintained the above mentioned premises, and specifically the ceiling and/or roof where the accident ultimately occurred.

24. On or about March, 30, 2016, a leak from the roof, which resulted in water on the ground, constituted a defective, dangerous hazardous and unsafe condition at the Premises.

25. On or before March, 30, 2016, the Defendant, IMPERIAL ROOF SYSTEMS, by and through it's agents and/or employees, did negligently repair, maintain, construct and/or inspect the roof/ceiling at the subject Premises and allowed a defective, dangerous, hazardous and/or unsafe condition to exist at and upon the Premises.

26. On or about March, 30, 2016, and at all times material and relevant hereto, the Defendant, IMPERIAL ROOF SYSTEMS, by and through its agents and/or employees, had a duty to reasonably construct, repair and/or maintain the roof/ceiling area at the subject TARGET.

27. On or about March 30, 2016, the Defendant, IMPERIAL ROOF SYSTEMS, by and through it's agents and/or employees, had a duty to warn customers, patrons and/or invitees, such as Plaintiff, of known defective, dangerous, hazardous and/or unsafe conditions.

28. On or about March, 30, 2016, and at all times material and relevant hereto, the Defendant, IMPERIAL ROOF SYSTEMS, by and through its agents and/or employees, breached its aforementioned duty.

29. That the defective, dangerous, hazardous and/or unsafe condition was known, or in the exercise of reasonable care, should have been known to the Defendant, IMPERIAL ROOF SYSTEMS, by and through its agents and/or employees, prior to the occurrence of Plaintiff's accident.

30. That the defective, dangerous, hazardous and/or unsafe condition existed for a sufficient period of time such that the Defendant, IMPERIAL ROOF SYSTEMS, by and/or through its agents and/or employees, knew and/or in the exercise of reasonable care, should have known of the existence of the condition.

31. That at all times material and relevant hereto, the Defendant, IMPERIAL ROOF SYSTEMS, by and through its agents and/or employees, was negligent and careless in the

maintenance, repair, inspection and/or construction of the roof/ceiling at the subject premises in one or more of the following respects:

(a) By allowing the creation of a defective, dangerous, hazardous and/or unsafe condition to exist on the premises;

(b) By failing to inspect the roof/ceiling for the existence of defective, dangerous, hazardous and/or unsafe conditions;

(c) By failing to properly cordon off and/or mark the area where the defective, dangerous, hazardous and/or unsafe condition existed;

(d) By failing to properly notify and/or otherwise warn persons using the Premises of the existence of a defective, dangerous, hazardous and/or unsafe condition;

(e) By failing to abate, rectify and/or repair the defective, dangerous, hazardous and/or unsafe condition in a timely manner;

(f) By failing to have others that may be responsible, either by law or delegation, for the upkeep and repair of the roof/ceiling, to maintain the premises in a safe condition;

(g) By failing to adequately supervise its agents and/or employees, and thus allowing a defective, dangerous, hazardous and/or unsafe condition to exist;

(h) By failing to take other actions to prevent the defective, dangerous, hazardous and/or unsafe condition from existing;

32. On March, 30, 2016, and at all times material and relevant hereto, Plaintiff, RACHEL SADDOUKI, was at and upon the aforementioned premises, as a lawful customer, patron and/or invitee of the Defendant.

33. That on or about the accident date herein, Plaintiff, RACHEL SADDOUKI, while at and upon the Premises of the Defendant, TARGET, was injured due to the negligence of the Defendant, IMPERIAL ROOF SYSTEMS, by and through its agents and/or employees, as described herein.

34. That as a direct and proximate result of the negligence of the Defendant, IMPERIAL ROOF SYSTEMS, by and/or through its agents and/or employees, as set forth above, Plaintiff suffered serious permanent and non-permanent injuries in and about her body and extremities. Moreover Plaintiff did in the past and will in the future, suffer: bodily

injuries; disability, both temporary and permanent, within a reasonable degree of medical probability; disfigurement and scarring of a significant nature; mental anguish; loss of the capacity for the enjoyment of life; medical and hospital expenses; loss of earning capacity; loss of earnings; incurred medical expenses in the treatment of related injuries; loss of bodily function; and aggravation of pre-existing condition.

**WHEREFORE**, Plaintiff, RACHEL SADDOUKI, hereby demands judgment against the Defendant, IMPERIAL ROOF SYSTEMS, plus costs, and such other and further relief as this Court deems proper, and further demands a trial by jury on all issues so triable as a matter of right.

## COUNT IV – LOSS OF CONSORTIUM CLAIM AGAINST IMPERIAL ROOF SYSTEMS

Plaintiff, MHAMMED SADDOUKI, hereinafter reaffirms and realleges each and every allegation contained in paragraphs 1 through 9 and 23 through 34 above as if fully set forth herein and further states:

35. On or about March 30, 2016, Plaintiff, MHAMMED SADDOUKI, was the spouse of Plaintiff, RACHEL SADDOUKI, who was injured as a direct result of the negligence of Defendant, IMPERIAL ROOF SYSTEMS.

36. Plaintiff, MHAMMED SADDOUKI, as spouse of RACHEL SADDOUKI, has suffered the loss of his wife's services, companionship, comfort and society as a result of the incident complained of herein and he will continue to lose such services, companionship and consortium in the future.

**WHEREFORE**, Plaintiff, MHAMMED SADDOUKI, demands judgment against the Defendant, IMPERIAL ROOF SYSTEMS, plus costs, and such other and further relief as this Court deems proper, and further demands a trial by jury on all issues so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiffs, RACHEL SADDOUKI, individually, and MHAMMED SADDOUKI, her husband, demand a trial by jury of all issues so triable.

DATED this 26th day of June, 2018.

Filing # 74121177 E-Filed 06/26/2018 02:44:30 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

RACHEL SADDOUKI, individually,
and MHAMMED SADDOUKI, her husband,

CASE NO.:

    Plaintiff,

vs.

TARGET CORPORATION and
IMPERIAL ROOF SYSTEMS CO.,

    Defendants.    /

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT, TARGET CORPORATION

COME NOW, the Plaintiffs, RACHEL SADDOUKI, individually, and MHAMMED SADDOUKI, her husband, by and through the undersigned attorneys, and hereby and request(s) that the Defendant, TARGET CORPORATION, admits the genuineness and truth of the following Request for Admissions, in accordance with the applicable Florida Rules of Civil Procedure, within forty-five (45) days from the date hereof.

Be advised that this Request for Admissions concerns an accident which is alleged to have occurred on or about March 30, 2016, at the Target store located at 5800 S University Dr, Davie, Florida and that the questions herein refer to that date and the injuries sustained by Plaintiff, RACHEL SADDOUKI, on that date while at the Target store (hereinafter "the Premises").

1. Admit that the Defendant, TARGET CORPORATION, has been properly served.

2. Admit that the Defendant, TARGET CORPORATION, is a foreign corporation licensed to do business and doing business in Broward County, Florida.

3. Admit that the Defendant, TARGET CORPORATION, is properly named herein.

4. Admit that on or about the date of the accident alleged herein, the Defendant, TARGET CORPORATION, operated the subject Target store located at 5800 S University Dr, Davie, Florida.

5. Admit that on or about the date of the accident alleged herein, the Defendant, TARGET CORPORATION, was responsible for maintaining the interior portion of the Premises.

6. Admit that on or about the date of the accident alleged herein, the Plaintiff was lawfully on the Premises.

7. Admit that on or about the date of the accident alleged herein, the Plaintiff was injured while at and upon the Premises of the Defendant.

8. Admit that on or about the date of the accident alleged herein, the Plaintiff reported having injured herself to a representative of the Defendant, TARGET.

9. Admit that on or about the date of the accident alleged herein, the Plaintiff injured herself on the Premises due to the negligence of the Defendant, by and through its agents and/or employees.

10. Admit Defendant, TARGET CORPORATION, hired IMPERIAL ROOF SYSTEMS to perform roof repairs at the subject Target store, prior to plaintiff's accident.

11. Admit the roof at the subject Target store was leaking on the day of Plaintiff's accident.

12. Admit that the Defendant, TARGET CORPORATION, by and through its agents and/or employees, was aware of leaks in the ceiling/roof area of the subject TARGET store during the 2 years prior to the subject incident.

13. Admit that the Defendant, TARGET CORPORATION, advised Defendant IMPERIAL ROOF SYSTEMS, of leaks in the roof/ceiling prior to the date of Plaintiff's accident.

14. Admit that Defendant, TARGET CORPORATION, requested the ceiling/roof area at the subject Target store to be repaired prior to the Plaintiff's accident.

15. Admit there are no Fabre parties known to you at this time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant, TARGET CORPORATION, along with the original Summons, the Complaint, Initial Interrogatories and Request for Production filed in this matter.

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd.
Suite 110
Hollywood, FL 33020
(954) 963-0444
(954) 963-1758 FAX
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: rbocksch@rrpalaw.com

BY: *Rachelle Bocksch*
RACHELLE BOCKSCH, ESQ.,
FBN: 151823